UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA MARY PITTS,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

_____/

Case No. 14-cv-12204

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MICHAEL HLUCHANIUK

OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [#19], ACCEPTING REPORT AND
RECOMMENDATION [#18], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
[#15], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#14], AND AFFIRMING THE
COMMISSIONER'S DECISION

I. INTRODUCTION

Patricia Mary Pitts ("Pitts" or "Plaintiff") brought this action against the Commissioner

of Social Security ("the Commissioner" or "Defendant") pursuant to U.S.C. § 405(g) on June 4,

2014. *See* Dkt. No. 1. In the Complaint, Pitts challenged the Commissioner's final decision

denying her application for disability benefits under the Social Security Act. *Id.* This Court

referred the matter to Magistrate Judge Michael Hluchaniuk on June 5, 2014. *See* Dkt. No. 4.

Pitts filed a Motion for Summary Judgment on September 22, 2014. *See* Dkt. No. 14. On

October 22, 2014, the Commissioner also filed a Motion for Summary Judgment. *See* Dkt. No.

15. On August 6, 2015, Magistrate Judge Hluchaniuk found that substantial evidence supported

the Administrative Law Judge's ("ALJ") conclusion, and that Pitts was not entitled to disability

benefits. *See* Dkt. No. 18. Magistrate Judge Hluchaniuk recommended that the Commissioner's

Motion for Summary Judgment be granted, Pitts' Motion for Summary Judgment be denied, and that, pursuant to sentence four of 42 U.S.C. § 405(g), the ALJ's decision be affirmed.

On August 19, 2015, Pitts submitted an objection to Magistrate Judge Hluchaniuk's Report and Recommendation. *See* Dkt. No. 19. The Commissioner failed to file a response to Pitts' objection. Nonetheless, the Court will **OVERRULE** the objection, and **ACCEPT** Magistrate Judge Hluchaniuk's Report and Recommendation.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.,* 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604 (6th Cir. 2009); *see also McGlothin v. Comm'r of Soc. Sec.,* 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

"If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an

opposite conclusion.'" *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007) (quoting

*Longworth v. Comm'r of Soc. Sec. Admin.,* 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course

for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that

of the claimant." *Rogers,* 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute.

*See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint

those portions of the magistrate's report that the district court must specially consider." *Id.*

(internal quotation marks and citation omitted). "A non-specific objection, or one that merely

reiterates arguments previously presented, does not adequately identify alleged errors on the part

of the magistrate judge and results in a duplication of effort on the part of the district court[.]"

*Carter v. Comm'r of Soc. Sec.*, No. 13-12745, 2014 WL 6750310, at *6-7 (E.D. Mich. Dec. 1,

2014) (citing *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991),

for the proposition that  "[a] general objection to the entirety of the magistrate's report has the

same effects as would a failure to object. The district court's attention is not focused on any

specific issues for review, thereby making the initial reference to the magistrate useless.").

### III. DISCUSSION

1. **Objection No. 1: Both the ALJ and Magistrate Judge Failed to Properly Evaluate the Effects of Patricia Mary Pitts' Mental Diseases on her Ability to Perform Full Time Continuous Work**

Plaintiff argues that the ALJ incorrectly discounted the opinions of therapist, Denise

Farmer. *See* Dkt. No. 19 at Pg. ID No. 762. Plaintiff further argues that the fact that Ms.

Farmer's opinions were supported by the Plaintiff's GAF score should have been given more

weight by the ALJ. *See id.* at Pg. ID No. 763. By extension, Pitts implies that the Magistrate

Judge's conclusion affirming the ALJ's decision was not supported by substantial evidence. An implication is a far cry from a "pinpoint." Regardless, the objection is flawed at a deeper level.

Plaintiff's argument, at its core, objects to the ALJ's distribution of weight to be given to the evidence. As stated above, this Court is limited to determining whether the ALJ's findings are supported by substantial evidence. *Rogers*, 486 F.3d at 241. Plaintiff does not argue that the evidence has not met the "substantial evidence" standard of *Rogers* and *Kyle*. Instead, Plaintiff argues that the evidence creates an "apparent inconsistency." Dkt. No. 19 at Pg. ID No. 763.

The Sixth Circuit has stated that "[t]his Court must affirm that Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). When the Magistrate Judge reviews the ALJ's credibility findings, the Sixth Circuit has held that "[t]he claimant's credibility may be properly discounted 'to a certain degree . . . when an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.2d 387, 392 (6th Cir. 2004) (citing *Walters*, 127 F.3d at 531). Thus, affirming an ALJ's findings in the face of an "apparent inconsistency" is still proper.

Here, the Magistrate Judge discussed Ms. Farmer's findings specifically:

Ms. Farmer opined that plaintiff was making moderate progress, she was stable, demonstrated better control over her emotions, used positive coping skills, or otherwise noted that therapy was helping her mood and relations with others. In addition, plaintiff reported that her medication was effective. The undersigned agrees with the Commissioner that this evidence of progress conflicts with the extreme limitations contained in Ms. Farmer's opinions.

Dkt. No. 18 at 25-26, Pg. ID No. 754-755 (internal citations omitted). The evidence reasonably supported the ALJ's conclusion. Therefore, the Magistrate Judge correctly concluded that the ALJ's decision was based on substantial evidence.

Furthermore, the law clearly states that a low GAF score is not dispositive evidence of disability. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002) ("While a GAF score may be of considerable help to the ALJ in formulating the RFC, it is not essential to the RFC's accuracy."). Courts in this district do not accord controlling weight to GAF scores. In fact, the Sixth Circuit has held that an ALJ's failure to refer to a GAF score does not make his or her RFC analysis unreliable. *Id.* Thus, even though Plaintiff's contention for disability is supported by her GAF score, the ALJ's finding of substantial evidence was not fatally impacted. Substantial evidence was still present to support the ALJ's decision.

Finding no error in the Magistrate Judge's analysis, the Court overrules this objection.

2. **Objection No. 2: Neither the ALJ nor the Magistrate Judge gave Proper Weight to Mental Therapist Farmer's Opinions of the Effects of Patricia Mary Pitts' PTSD, Depression and Anxiety on her Ability to Perform Full Time Continuous Work**

Plaintiff opens the second objection by stating, "[t]he argument presented in Plaintiff's brief will not be repeated here." As a result, Plaintiff provides very little support for why her objection to the Magistrate Judge's Report should be sustained. Plaintiff does this because her second objection is identical to the first: The Magistrate Judge and the ALJ did not give Denise Farmer's opinions enough weight. Accordingly, it is subject to the same analysis above, and is overruled.

## IV. CONCLUSION

For the reasons discussed, the Court **HEREBY OVERRULES** Plaintiff's Objections, **ACCEPTS** Magistrate Judge Hluchaniuk's Report and Recommendation [#18]; **GRANTS** Defendant's Motion for Summary Judgment; **DENIES** Plaintiff's Motion for Summary

-6-

Judgment; and, pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMS** the Commissioner's

Decision.

　　　IT IS SO ORDERED.

Dated:  September 24, 2015

　　　　　　　　　　　　　　　　/s/ Gershwin A Drain
　　　　　　　　　　　　　　　　HON. GERSHWIN A. DRAIN
　　　　　　　　　　　　　　　　United States District Court Judge